<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **State of New Jersey** | |
| Plaintiff, | Hon. Claire C. Cecchi |
| v. | **REPORT & RECOMMENDATION** |
| **$322,290.00 seized as follows:** | Civil Action No. 11-CV-6467 (CCC) |
| $301,957.00 seized from George Kokenyei, et seq. | |
| Defendants. | |

<u>**JOSEPH A. DICKSON, U.S.M.J.**</u>

This matter was referred to this Court for a Report and Recommendation on the motion to remand by the State of New Jersey through the Bergen County Prosecutor ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After considering the submissions of the parties, the recommendation of this Court is to grant the motion to remand as is set forth for the reasons herein expressed separately below.

**I.   BACKGROUND[1]**

The State of New Jersey through the Bergen County Prosecutor's Office ("Plaintiff") filed a Verified Complaint in Civil Forfeiture ("Complaint"), in the Superior Court of New Jersey, Law Division, Bergen County on September 30, 2011, under Docket No. BER-L-8278-11. The *in rem* action named as the Defendant "$322,290.00" (hereinafter called "Cash") and identified potential claimants to the seized and confiscated funds as follows: (1) $307,957.00 seized from George Kokenyei ("Kokenyei"), (2) $737.00 seized from Paul Pierrilus ("Pierrilus"),

---
[1] The facts have been taken from the parties' respective submissions.

1

(3) $1,211.00 seized from Joseph Signorini ("Signorini"), and (4) $12,385.00 seized from Terrence Arnold ("Arnold"). Since the Cash was allegedly derived from the claimants' illegal activities, it was subject to forfeiture under a New Jersey state statute, N.J.S.A. 2C:64-1.

On October 11, 2011, the Summons and Verified Complaint in civil forfeiture was mailed via certified mail to claimants Kokenyei, Pierrilus, Signorini and Arnold. Certification of Maryann Salemi, ECF 15-2. Kokenyei, Pierrilus, and Arnold were served on October 14, 2011; Signorini was served on October 28, 2011. Id.

On October 28, 2011, Kokenyei filed an "Answer, Affirmative Defenses, Counterclaim, Demand for Production of Documents, Demand for Trial by Jury and Designation of Trial Counsel" in the Superior Court of New Jersey. In it, Kokenyei asserts claims as Third-Party Plaintiff against Bergen County Prosecutor's Office, the Town of Yorktown, and unnamed "Defendant(s) John Doe." Kokenyei alleges a violation of his civil rights under 42 U.S.C. §§ 1983 and 1985.

Kokenyei subsequently filed a Notice of Removal on November 2, 2011. Kokenyei removed the case based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Plaintiff filed this motion to remand on December 2, 2011. Plaintiff argues that the Court lacks subject matter jurisdiction over the principal *in rem* civil forfeiture action and that the removal was procedurally defective because not all "putative defendants-claimants" joined in the petition for removal. Plaintiff also seeks an award of attorney's fees.

II.   **LEGAL STANDARD**

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the

district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Under Section 1441, an action may be removed from state court only when the federal court would have had original jurisdiction over the matter." Agyabeng v. Kmart Corp., No. 09-cv-710, 2009 WL 2151904, at *1 (D.N.J. July 14, 2009).

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Valerio v. Mustabasic, No. 07-cv-534, 2007 WL 2769636, at *2 (D.N.J. Sept. 21, 2007) (citing Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 341 (D.N.J. 2001)); see also Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2003) ("28 U.S.C. § 1441 is to be strictly construed against removal."). "The removing party bears the burden of demonstrating the appropriateness of removal." Valerio, 2007 WL 2769636 at *3; see also Samuel-Bassett, 357 F.3d at 396 ("The party asserting jurisdiction bears the burden of showing that *at all stages of the litigation* the case is properly before the federal court.") (emphasis added). "If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Kokenyei removed this action on the basis of federal question jurisdiction, which is governed by 28 U.S.C. § 1331. Section 1331 provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded complaint rule governs whether a case 'arises-under' federal law for purposes of § 1331." EKI, LLC v. Gasser Chair Co., Inc., No. 07-cv-4936, 2007 WL 1135298, at *3 (D.N.J. Apr. 16, 2007) (citing Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002)). "Under the well-pleaded complaint rule, 'the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not

on its face, affirmatively allege a federal claim.'" Id. (citing Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir.2004)). "For a claim to arise under federal law '[a] right or immunity created by the Constitution, or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" Id. (citing Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Ca., 463 U.S. 1, 10-11 (1983)). "It is not enough that a federal question is or may be raised as a defense[;] the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." United States Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) (internal citations omitted).

Although he removed on the grounds of federal question, in his Opposition to the instant motion, Kokenyei also argues that this Court has subject matter jurisdiction on the basis of diversity jurisdiction, which is governed by 28 U.S.C. § 1332. Section 1332 provides, in relevant part, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." 212 Marin Boulevard, LLC v. Chicago Title Ins. Co., No. 09-cv-6366, 2010 WL 3169280, at *2 (D.N.J. July 8, 2010). "For removal to be proper, both jurisdictional requirements set forth in Section 1332 must be satisfied or the Court *must* order remand pursuant to Section 1447(c)." Valerio, 2007 WL 2769636 at *2 (emphasis added).

### III. **DISCUSSION**

#### A. Federal Question Jurisdiction

The Complaint alleges a claim under a state forfeiture statute, N.J.S.A. 2C:64-1, et seq. The Complaint does not allege any federal claim. On its face, and in accordance with the principles of the well-pleaded complaint rule enunciated above, it is clear that federal question jurisdiction is lacking.

Nonetheless, Kokenyei argues that federal question jurisdiction exists. First, while he concedes that the Complaint does *not* articulate any specific federal cause of action, Kokenyei argues that "[a] plain reading of the Complaint itself shows a disputed and substantial federal issue: whether the interstate transport of seized cash and subsequent assertion of exclusive jurisdiction violated Kokenyei's or the actual 'res' federal rights." Br. in Opp. at 16, ECF No. 13. Kokenyei goes on to argue that it is clear from the facts contained in the Complaint that the seizure of his property violated his federal rights, and therefore the Complaint implicates 28 U.S.C. §§ 1983, 1985.

This argument is entirely unavailing. While it is true that the Complaint need not invoke a federal law, "the merits of the litigation [must] turn on a substantial federal issue that is an element, and an essential one, of the plaintiff's cause of action," and "the federal law must be in the forefront of the case and not collateral, peripheral, or remote." United States Express Lines, Ltd., 281 F.3d at 389 (internal citations omitted). This is not the case here. Here, Plaintiff's right to relief is based solely on a state statute and does not implicate any federal law; it is not Plaintiff's claim, but rather Defendant's *defense* to that claim that depends on resolution of a federal law. "It is not enough that a federal question is or may be raised as a defense." Id. Accordingly, this argument fails.

Second, Kokenyei apparently argues there is federal question jurisdiction over the state forfeiture action based on his third-party complaint. Kokenyei provides no case law supporting his argument, and the argument itself only appears in a footnote. Again, this argument is entirely unavailing. Kokenyei, as the *third-party plaintiff*, filed *his* third-party complaint in *state* court; there are no grounds for him to remove his own complaint to this Court. Moreover, even if this Court were to treat his third-party complaint as a counterclaim, there would be no federal question jurisdiction because a counterclaim "cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc., 535 U.S. at 831. As the Supreme Court explained:

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court." Caterpillar Inc., supra, at 398-399, 107 S.Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. See Franchise Tax Bd., supra, at 11, 103 S.Ct. 2841.

Id. at 831-32.

Based on the foregoing, the Court finds there is no federal question jurisdiction.

B. Diversity Jurisdiction

As noted above, Kokenyei removed the case on the grounds of federal question jurisdiction, but asserted in his Opposition that diversity jurisdiction also exists. Kokenyei

6

asserts that since a portion of the seized cash was seized from Kokenyei's New York residence and Kokenyei is a New York citizen, complete diversity exists between the parties. Kokenyei asserts that since the amount in controversy is satisfied and there is complete diversity, this Court has diversity jurisdiction and remand is improper.

At the outset, the Court notes there is no dispute that the amount in controversy requirement is met. There also is no dispute Kokenyei is a citizen of New York, and therefore is diverse from Plaintiff, the State of New Jersey. However, the underlying action is an *in rem* proceeding; under the state forfeiture statute, Kokenyei is *claimant* to the seized funds, *not* a Defendant. See N.J.S.A. 2C:64-3.

Based on the foregoing, the Court finds there is no diversity jurisdiction.[2]

C. Attorneys' Fees

Plaintiff has asked the Court to award attorneys' fees pursuant to 28 U.S.C. § 1447, which provides in relevant part, "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." Mints v. Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996).

---

[2] The Court notes that *even if* this Court were to accept Kokenyei's argument that as claimant to the seized funds he is rightfully considered the Defendant in the underlying state action, and therefore there is diversity jurisdiction, remand would *still* be appropriate. If Kokenyei's argument is accepted, then the other claimants would also rightfully be considered "Defendants;" as such, the rule of unanimity would have required that all "Defendants" consent to removal since all had been served at the time of removal. See Lewis v. Rego. Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). Since all "Defendants" did not consent to removal, the removal is procedurally infirm and the case should be remanded.

While the Court is mindful that it is within its discretion to award attorneys' fees, and the instant case presents a close call as to whether attorneys' fees are appropriate, the Court is not inclined to award attorneys' fees.

IV. **CONCLUSION**

For the foregoing reasons, the Court respectfully recommends that the District Court grant Plaintiff's motion for remand and deny its motion for attorneys' fees.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Claire Cecchi, U.S.D.J.